IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STACIA CROMARTIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:16-cv-98-MHT |
| | ) |
| ALABAMA STATE UNIVERSITY, | ) |
| *et. al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed February 17, 2016). On February 19, 2016 this Court ordered that the Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) be granted and that the action be stayed pending review pursuant to 28 U.S.C. § 1915(e)(2)(B) and that Plaintiff file an amended complaint specifically stating the alleged wrongful acts committed against her and the dates of the alleged wrongful conduct. (Doc. 7). The Plaintiff filed an Amended Complaint pursuant to this Court's order. (Doc. 12). For good cause, the Magistrate Judge recommends that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The statute provides, in pertinent part:"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**I. INTRODUCTION**

The Plaintiff, Stacia Cromartie, ("Cromartie") who is proceeding *pro se*, filed this action on February 12, 2016. In her Complaint, as amended, she brings claims pursuant to 42 U.S.C. § 1983, alleging deprivation of her Constitutional rights, and claims under the Rehabilitation Act, and the Americans with Disabilities Act ("ADA"), and various state law claims. (Doc. 12).[2] Specifically, Plaintiff claims she is disabled because she suffers from seizures and asthma. As a disabled, former Alabama State University ("ASU") band member, she brings these claims against the Defendants, as employees of ASU alleging that she was "SMOKED" or hazed by other band members to the detriment of her health. She further alleges that in response to her complaints of hazing she was "kicked out of the band" and "never given excuses for game participations [sic] causing her to fail other courses as well, for not being able to make up the work". And she also alleges that the investigation of her complaints of hazing was not handled properly and by this failure ASU breached its contract with her to provide a "safe environment for all student[s]"{sic}. (Doc. 12 at pp. 3-5).

She specifically states in her Complaint that she was a member of the ASU band in the fall of 2011 and she was dismissed from the band sometime prior to the fall of 2012. (Doc. 12 at p. 3). She also specifically states that in the fall of 2012 she had a meeting with

---

[2] Since Plaintiff proceeds *pro se*, the court will liberally construe the allegations of her complaint. *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008).

Defendants Thornington, James and Davis where they admitted mishandling her reports of hazing by failing to keep them "private" and "concluded that Plaintiff Cromartie was being discriminated against because of her multiple disabilities and Harassed but no criminal charges took place". (Doc. 12 at pp. 3-4).

## II. DISCUSSION

Reading the complaint liberally as this Court is required to do, *see Alba,* 517 F.3d at 1252, the latest date of any alleged wrong doing by Defendants was in the fall of 2012. Plaintiff filed her complaint on February 12, 2016, at least three years and a few months after the last possible alleged act of wrong doing[3]. The United States Supreme Court held that the proper statute of limitations for section 1983 actions is the forum state's general or residual statute of limitations for personal injury actions. *Lufkins v. McCallum*, 956 F. 2d 1104,1105 (11th Cir. 1992) citing *Owens v. Okure,* 488 U.S.235, 236 (1989). In Alabama the general statute of limitations for personal injury actions is two years. Id. at 1105 fn. 2 citing *Ala. Code Ann.* § 6-2-38 (l) (Michie Supp. 1989). Furthermore, the Eleventh Circuit has held that the statute of limitations for a claim brought pursuant to the Rehabilitation Act, and the Americans with Disabilities Act ("ADA") is also the state's two-year statute of limitations period for personal injury actions. *Everett v. Cobb County School District*, 138 F.3d 1407, 1409 (11th 1998).

---

[3] However, the complaint indicates that she was "kicked out of the band" prior to the fall of 2012, (Doc. 12 p.3 ), which creates a date even further out than the three-year-plus period the court is using for statute of limitations purposes.

The events giving rise to Plaintiff's federal claims took place more than two years prior to the date she filed her complaint in this court; therefore, her 1983 action and her actions brought pursuant to the Rehabilitation Act, and the Americans with Disabilities Act ("ADA") are barred by the applicable statute of limitations.  Additionally, Plaintiff's state law claims for breach of contract and violation of Alabama's state law against hazing do not rise to the level of a constitutional violation, *see Daniels v. Williams*, 474 U.S. 327, 332-34 (1986); *Harris v. Birmingham Board of Education*, 817 F.2d 1525,1526 (11th Cir. 1987). Thus, because the plaintiff does not assert any viable federal or constitutional claims, the court does not have federal question jurisdiction over this matter.  *See* 28 U.S.C. § 1331. Additionally, because the federal claims are barred by the applicable statute of limitations, the Court declines to exercise supplement jurisdiction over Plaintiff's state law claims.  See 28 U.S.C § 1367 (c )(3).  Accordingly, the Court concludes that the complaint fails to state a claim upon which relief maybe granted, and therefore, warrants dismissal prior to service of process under 28 U.S.C. § 1915 (e)(2)(B).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further ORDERED that the Plaintiff file any objections to the this Recommendation on or before **April 29, 2016.**  Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1987).

DONE this 15th day of April, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE